**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ASKEY CHILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-886-D |
| | ) | |
| CITY OF EL RENO; | ) | |
| UNKNOWN OFFICERS OF THE EL | ) | |
| RENO POLICE DEPARTMENT; and | ) | |
| UNKNOWN CODE ENFORCEMENT | ) | |
| OFFICERS OF THE CITY OF EL RENO, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's *pro se* Motion for a Temporary Restraining Order [Doc. No. 7].[1] Upon review, the Court finds the motion is facially insufficient to satisfy the requirements of Federal Rule of Civil Procedure 65(b)(1) for issuance of a temporary restraining order (TRO) without notice. Specifically, Plaintiff has not "certified in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).[2]

Plaintiff's TRO motion is one page, and requests that the Court "prevent[] the City of El Reno and its agents from entering, demolishing, or otherwise interfering with Plaintiff's property located at 619 E. Clarke Street, El Reno, OK, 73036." [Doc. No. 7,

---

[1] Because Plaintiff proceeds *pro se*, his filings are construed liberally, but the Court will not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] District courts have applied Rule 65(b)(1)(B) to *pro se* parties. *See Hancock, Jr. v. Ocwen Loan Serv., LLC, et al.*, Case No. CIV-14-1380-D (W.D. Okla. Dec. 19, 2014) (collecting cases).

1

at 1]. Plaintiff adds that he feels like his life is in danger. *Id.* Plaintiff attached one exhibit to his TRO motion, which is a picture of a truck, presumably parked outside of Plaintiff's property [Doc. No. 7-1]. Thereafter, Plaintiff filed a Notice of Imminent Demolition [Doc. No. 9], notifying the Court that the City of El Reno is planning to demolish his property on June 4, 2026.

Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Counsel Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO or preliminary injunction, "the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

Upon review of Plaintiff's TRO motion [Doc. No. 7] and subsequent Notice [Doc. No. 9], the Court finds that Plaintiff has failed to address these factors, with the exception of Plaintiff's conclusory statement that he will suffer irreparable harm if a TRO is not issued. *See* Doc. No. 9, at 1. Notably, Plaintiff has made no attempt to show a substantial likelihood of success on the merits. Although Plaintiff did not reference state-court litigation, the Court takes judicial notice of *Askey Chiles v. City of El Reno*, Case No. CIV-2026-94, filed in the District Court of Canadian County, Oklahoma.[3] In that case, Plaintiff

---

[3]    https://www.oscn.net/dockets/GetCaseInformation.aspx?db=canadian&number=CV-2026-94&cmid=527865 (accessed May 29, 2026). *See United States v. Ahidley*, 486 F.3d 1184, 1192

filed a TRO motion related to the demolishing of the subject property, which was denied by the state court. Upon hearing Plaintiff's TRO motion, the state court found that the City of El Reno had "satisfied each of the statutory requirements to declare the residence and standalone garage … a dilapidated building and to order its demolition to protect the health, safety, and welfare of the public pursuant to 11 O.S. § 22-112." [Canadian County District Court Order, filed April 2, 2026]. The state court further found that "Plaintiff failed to timely appeal the City's decision to declare the Subject Structure a dilapidated building and to order it demolished in accordance with 11 O.S. § 22-112(A)(3)," and that Plaintiff was thus unable to demonstrate a likelihood of success on the merits of his claims. *Id.* In the present TRO motion and supplemental notice, Plaintiff does not attempt to demonstrate a substantial likelihood of success on the merits of his claims in this action.

For these reasons, Plaintiff's Motion for a Temporary Restraining Order [Doc. No. 7] is **DENIED**.[4]

**IT IS SO ORDERED** this 29th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand.").

[4] To the extent Plaintiff instead seeks a preliminary injunction, Plaintiff must first issue notice to adverse parties, which is not evident from the docket. *See* FED. R. CIV. P. 65(a)(1).