**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

ASKEY CHILES,                                      )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )    Case No. CIV-26-886-D
                                                   )
CITY OF EL RENO;                                   )
UNKNOWN OFFICERS OF THE EL                         )
RENO POLICE DEPARTMENT; and                        )
UNKNOWN CODE ENFORCEMENT                           )
OFFICERS OF THE CITY OF EL RENO,                   )
                                                   )
                    Defendants.                    )

**ORDER**

Before the Court is Plaintiff's *pro se* Emergency Motion for Preliminary Injunction and Request for Expedited Hearing [Doc. No. 12].

Plaintiff's first motion for a temporary restraining order (TRO) requested that the Court "prevent[] the City of El Reno and its agents from entering, demolishing, or otherwise interfering with Plaintiff's property located at 619 W. Clarke Street, El Reno, OK, 73036." [Doc. No. 7, at 1]. Plaintiff attached one exhibit to his first TRO motion: a picture of a truck, presumably parked outside of Plaintiff's property [Doc. No. 7-1]. Plaintiff also filed a Notice of Imminent Demolition [Doc. No. 9], notifying the Court that the City of El Reno is planning to demolish his property on June 4, 2026.

In a previous Order [Doc. No. 10], the Court denied Plaintiff's first TRO motion, noting that Plaintiff had failed to comply with Fed. R. Civ. P. 65(b)(1) and had failed to

1

address the factors required to obtain a TRO. The Court further emphasized that "Plaintiff ha[d] made no attempt to show a substantial likelihood of success on the merits."[1]

The present motion—although titled a motion for preliminary injunction—seems to be a second attempt by Plaintiff to obtain a TRO without notice to Defendants. Again, upon review of the present motion, the Court finds the motion is facially insufficient to satisfy the requirements of Rule 65(b)(1). *See* Fed. R. Civ. P. 65(b)(1) (requiring a moving party to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required.").

Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Counsel Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO or preliminary injunction, "the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

---

[1] The Court also took judicial notice of the state-court litigation of *Askey Chiles v. City of El Reno*, Case No. CIV-2026-94, filed in the District Court of Canadian County, Oklahoma. Plaintiff had previously filed a TRO motion in the state-court action, which was denied after a hearing. The state court found that the City of El Reno had "satisfied each of the statutory requirements to declare the residence and standalone garage … a dilapidated building and to order its demolition to protect the health, safety, and welfare of the public pursuant to 11 O.S. § 22-112." [Canadian County District Court Order, filed April 2, 2026]. The state court further found that "Plaintiff failed to timely appeal the City's decision" to declare the property a dilapidated building and to order it demolished. *Id.*
https://www.oscn.net/dockets/GetCaseInformation.aspx?db=canadian&number=CV-2026-94&cmid=527865 (accessed June 3, 2026).

In the present motion, for his showing of a substantial likelihood of success on the merits, Plaintiff provides the following: "Plaintiff asserts constitutional violations including deprivation of property without adequate due process. Plaintiff disputes the City's classification of the property as dilapidated and contends the City's actions were arbitrary and not supported by accurate inspection findings." [Doc. No. 12, at 3]. Again, these conclusory statements are insufficient to establish a substantial likelihood that Plaintiff will succeed on the merits of his claims. And, although Plaintiff has attached various pictures of the exterior of the home and an estimate for foundation repair, Plaintiff does not explain in his motion how these photos and estimate establish that he is substantially likely to succeed on his claims in this action.

Finally, even though Plaintiff titled the present motion as one seeking a motion for preliminary injunction, the record does not reflect that Plaintiff has provided notice to Defendants, which is required under Rule 65(a)(1). *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").

For these reasons, Plaintiff's Emergency Motion for Preliminary Injunction and Request for Expedited Hearing [Doc. No. 12] is **DENIED**.

**IT IS SO ORDERED** this 3rd day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE