**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ASKEY CHILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-886-D |
| | ) | |
| CITY OF EL RENO et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

The Court file reflects the Complaint was filed on April 23, 2026. [Doc. No. 1]. However, no proofs of service or waivers have been filed, and no further action has been taken.

Pursuant to FED. R. CIV. P. 4(m), Plaintiff is directed to show cause not later than August 25, 2026, why this action should not be dismissed without prejudice for failure to effect service of process within 90 days after filing the Complaint.[1] In the absence of such a showing, this action may be dismissed without further notice to Plaintiff.

---

[1] Plaintiff filed an Amended Complaint on July 22, 2026. [Doc. No. 17]. Plaintiff's Amended Complaint does not name any additional Defendants from the original complaint. Therefore, the original service period for Defendants remains in place. *Dease v. Allbaugh,* No. CIV-18-282-F, 2018 WL 11243398, at *1 (W.D. Okla. May 30, 2018) ("The Court notes that the filing of an amended complaint does not restart the ninety-day period for service provided by Rule 4(m), except as to those defendants newly added to the amended complaint."); *see also Bolden v. City of Topeka,* 441 F.3d 1129, 1148-49 (10th Cir. 2006) (noting FED. R. CIV. P. 4(m)'s time limit "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint" because "[t]his construction of the rule prevents the plaintiff from repeatedly filing amended complaints to extend the time for service indefinitely . . . .") (quotation omitted).

**IT IS SO ORDERED** this 11th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE